Mark L. Javitch (CA SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Telephone: (650) 781-8000
Facsimile: (650) 343-0300
mark@javitchlawoffice.com

Kevin J. Cole (SBN 321555)
KJC Law Group, A.P.C.
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 861-7797
kevin@kjclawgroup.com

*Attorneys for Plaintiff*
and the Putative Class

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOANNA CHENG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>Defendant. | Case No.: 3:26-cv-02431<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

1. Nordstrom Rack has built a marketing machine around a fiction that its prices represent enormous savings off some higher “Comparable Value.” In reality, these so-called Comparable Values are not prices at which identical items or items of like grade and quality were ever offered for sale or sold in the regular course of business in the preceding ninety days. They are inflated benchmarks conjured to create the illusion of a bargain that does not exist.

2. Cal. Bus. & Prof. Code § 17501 prohibits exactly this practice. For former price advertising, a merchant may not advertise a price as a former price unless that price was the actual prevailing market price at which the item was sold in the ordinary course of business within the preceding three months. For a “Comparable Value” advertisement, the comparison is only permitted if the merchandise is of like grade and quality to items actually offered for sale or sold at the reference price in the trade area.

3. Plaintiff Joanna Cheng purchased an AME Kids’ Flutter Sleeve Nightgown from Nordstrom Rack’s website at NordstromRack.com, in reliance on Defendant’s deceptive reference pricing, paid a price Plaintiff would not otherwise have paid, and was thereby damaged. Plaintiff brings this action individually and on behalf of a class of California consumers who were similarly misled, seeking restitution, injunctive relief, and other appropriate relief under California’s Unfair Competition Law (“UCL”), False Advertising Law (“FAL”), and Consumers Legal Remedies Act (“CLRA”).

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to the Class Action Fairness Act (“CAFA”), 28 U.S.C. § 1332(d). The aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs; the proposed class consists of more than one hundred persons; and there is minimal diversity of citizenship between the parties.

5. This Court has personal jurisdiction over Defendant because Defendant conducts substantial business within this District, has registered to do business in California, and a substantial portion of the events giving rise to the claims alleged herein occurred within this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is subject to personal jurisdiction in this District and a substantial part of the events and

omissions giving rise to Plaintiff's claims occurred here, including Plaintiff's purchase of the item at issue while located in this District.

## DIVISIONAL ASSIGNMENT

7. Pursuant to Civil L.R. 3-2(c) and 3-5(b), this action is properly assigned to the San Francisco Division of this Court because Plaintiff resides in San Mateo County, California, which is located within the San Francisco Division.

## PARTIES

8. Plaintiff Joanna Cheng is, and at all times relevant herein was, an individual residing in San Mateo County, California.

9. Defendant Nordstrom, Inc. is a corporation organized under the laws of the State of Washington, with its principal place of business in Seattle, Washington. Nordstrom, Inc.'s registered agent is Corporation Service Company, 2710 Gateway Oaks Dr., Sacramento, California 95833. Nordstrom, Inc. owns and operates Nordstrom Rack, a chain of stores and an online retail platform located at NordstromRack.com. Nordstrom, Inc. is registered to do business in California and operates numerous Nordstrom Rack retail locations within this District.

## FACTUAL ALLEGATIONS

### A. Nordstrom Rack's Reference Pricing Scheme

10. As used herein, the "relevant trade area" means the State of California and, for purposes of online sales, the geographic area in which Defendant actively marketed and sold products to consumers, including Plaintiff. Nordstrom Rack presents itself as an off-price retailer offering "incredible savings" on designer and brand-name merchandise. Central to this marketing identity is the use of a reference price labeled "Comparable Value" displayed alongside a lower current selling price and a stated percentage discount.

11. For example, on Nordstrom Rack's website, a Kids' Flutter Sleeve Nightgown manufactured by AME—a licensed Disney character apparel brand—is advertised at a selling price of $20.87, with a struck-through reference price of $42.00 and a prominent "50% off" call-out. The reference price is accompanied only by a small circled "i" icon, which, when activated, reveals a brief disclaimer. The format is designed to, and does, cause reasonable consumers to believe they are receiving a substantial bargain off a legitimate prior retail value.

12. California law imposes strict requirements on retailers who use reference prices. Under Cal. Bus. & Prof. Code § 17501, a former price may only be advertised if the item was actually sold at that price in the ordinary course of business within the previous ninety (90) days. A "Comparable Value" reference may only be used if the merchandise is of like grade and quality to items offered for sale or sold at that price in the trade area.

13. Defendant's "Comparable Value" prices do not satisfy these requirements. Upon information and belief, the items Defendant sells at Nordstrom Rack locations and on NordstromRack.com are frequently not offered for sale at the stated Comparable Value in the relevant trade area within any meaningful time period.

14. Cal. Bus. & Prof. Code § 17501's ninety-day rule specifically prohibits advertising any price as a former price of an item unless that price was the actual selling price of the item in the ordinary course of business within the three months immediately preceding the advertisement. Upon information and belief, the $42.00 "Comparable Value" displayed alongside the Product was not the price at which the Product, or any item of like grade and quality, was actually sold within ninety days preceding publication of the advertisement. Upon information and belief, the Product, or like merchandise, was not sold at $42.00 in the relevant trade area within that period. Defendant's use of the $42.00 reference price therefore constitutes a per se violation of § 17501's ninety-day price rule.

**B. The "Comparable Value" Price Does Not Represent a Former Price of the Same Item**

15. Nordstrom Rack does not use the struck-through "Comparable Value" price to represent any former selling price of the product being sold. Instead, Nordstrom Rack internally selects what it claims is a "comparable" item sold by another brand and uses that item's price as the reference.

16. The comparator product is never the same brand, same manufacturer, or same SKU as the item sold by Nordstrom Rack.

17. Consequently, the price labeled "Comparable Value" is not the actual, bona fide former price of the product being sold, nor is it the prevailing market price for that product.

18. By labeling this comparator price as "Comparable Value," Nordstrom Rack misleads consumers into believing it reflects a legitimate prior price associated with the product itself.

19. Nordstrom Rack's website does not clearly or conspicuously inform consumers that the comparison is not to the same product but rather to a product Nordstrom Rack unilaterally and subjectively deems "similar." The small circled "i" icon displayed next to the struck-through reference price is not prominently placed, is easily overlooked, and fails to disclose the nature, basis, or source of the comparison.

20. Courts have recognized that former-price comparisons must be grounded in bona fide pricing, not an arbitrarily chosen comparator from a different brand.

21. Nordstrom Rack's fictitious comparison pricing scheme creates the false impression that consumers are receiving substantial discounts off a legitimate prior retail price, which induces purchases they otherwise would not make.

22. AME is a widely distributed manufacturer of licensed Disney and other character-branded children's apparel whose products are sold through mass-market retailers including Walmart and Target. The presence of AME-branded merchandise at Nordstrom Rack underscores that the purported $42.00 reference price is not a specialty or boutique retail price but rather a number

untethered from any verifiable prior sale. Upon information and belief, the AME Kids' Flutter Sleeve Nightgown at issue, or merchandise of like grade and quality, was never offered or sold for $42.00 in the relevant trade area within ninety days preceding publication of the $42.00 reference price.

23. The small circled "i" disclaimer icon displayed next to Nordstrom Rack's struck-through reference prices does not cure the deceptive impression created by those prices. The disclaimer is not prominently displayed, is not conspicuous to the ordinary consumer at the point of sale, and does not disclose when, where, or in what trade area any comparable item was sold at or near the reference price. A consumer who clicks or hovers over the icon is presented with vague language referencing unspecified "comparable" items, not the specific merchandise at issue. This disclaimer fails to satisfy the disclosure requirements of Cal. Bus. & Prof. Code § 17501.

24. Defendant's Comparable Value labels are not tied to any actual prior retail price or to any prevailing market price for like merchandise. They are instead arbitrary figures calculated to maximize the apparent size of the discount and to induce purchasing decisions by exploiting consumers' well-documented tendency to anchor value judgments to the first price they see.

25. Defendant uses vague disclaimers referencing "similar items" or "comparable items" in an attempt to avoid statutory liability. These disclaimers are inadequate under § 17501 because they do not identify the items compared, the time period during which those items sold, the trade area in which they sold, or the grade and quality of the allegedly comparable merchandise. The disclaimers are not conspicuous and do not cure the false impression created by the Comparable Value labels.

**C. Plaintiff's Purchase**

26. On or about January 20, 2026, Plaintiff purchased an AME Kids' Flutter Sleeve Nightgown (Disney Little Mermaid, Ariel design) from Nordstrom Rack's online website at NordstromRack.com. The product was advertised with a struck-through reference price of $42.00 and a selling price of $20.87, representing a purported savings of 50%.

27. Plaintiff saw the $42.00 struck-through reference price displayed prominently on the product listing and reasonably understood it to represent the item's regular retail value—i.e., that she was saving $21.13 off a price at which comparable merchandise genuinely sold. The reference price representation was material to Plaintiff's purchasing decision. Plaintiff would not have purchased the item, or would not have paid $20.87 for it, had she known that the $42.00 reference price was false and misleading.

28. Upon information and belief, the $42.00 reference price did not reflect the prevailing market price at which the AME Kids' Flutter Sleeve Nightgown, or merchandise of like grade and quality, was offered for sale or sold in the relevant trade area within three months next immediately preceding publication of the advertisement. Comparable AME-branded Disney character children's sleepwear is routinely available at mass-market retailers for prices substantially below $42.00.

29. As a result of Defendant's deceptive reference pricing representations, Plaintiff paid a price premium over the actual market value of the merchandise, suffering economic injury in an amount to be determined at trial.

**D. The Price Advertising Was Material and Uniform Across the Class**

30. Nordstrom Rack advertises the same "Comparable Value" reference-pricing format to all consumers who visit NordstromRack.com, and displays the same format in its brick-and-mortar Nordstrom Rack retail stores.

31. The use of a price labeled "Comparable Value" inflates consumers' perceived value of the products, creates the impression of urgency and exceptional savings, and increases purchasing demand.

32. A reasonable consumer would find Nordstrom Rack's "Comparable Value" price comparison material to a purchase decision. The materiality of this representation is evidenced by Nordstrom Rack's systematic and uniform use of the format across its entire product catalog.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action individually and on behalf of the following class (the "Class") pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3):

> All persons in the State of California who, during the period beginning four (4) years prior to the filing of this Complaint through the date of class certification (the "Class Period"), purchased one or more products from Nordstrom Rack (in-store or online) that were advertised with a "Comparable Value" reference price.

34. Excluded from the Class are Defendant and its officers, directors, agents, and employees; any judge who presides over this action and members of his or her immediate family; and class counsel.

35. **Numerosity.** The Class is so numerous that joinder of all members is impracticable. Upon information and belief, Defendant's Nordstrom Rack stores and online platform have sold millions of items bearing false Comparable Value pricing to California consumers during the Class Period. The Class consists of thousands of members, the precise number of whom is ascertainable through Defendant's sales and marketing records.

36. **Commonality.** There are questions of law and fact common to the Class that predominate over any questions affecting individual members. Common questions include: (a) whether Defendant's Comparable Value pricing practice violates Cal. Bus. & Prof. Code § 17501; (b) whether the Comparable Value prices reflect bona fide former prices or prevailing market prices for merchandise of like grade and quality; (c) whether Defendant's pricing practice constitutes an unlawful, unfair, or fraudulent business practice under the UCL; (d) whether Defendant made false and misleading advertising statements in violation of the FAL; (e) whether Defendant's conduct violates the CLRA; and (f) the appropriate class-wide remedies.

37. **Typicality.** Plaintiff's claims are typical of the claims of the Class. Plaintiff and all Class members were exposed to Defendant's materially uniform Comparable Value pricing

misrepresentations and suffered injury arising out of the same practice. Plaintiff has no interests antagonistic to those of the Class.

38. **Adequacy.** Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has retained counsel experienced in consumer class action litigation, who are committed to prosecuting this action on behalf of the Class.

39. Predominance and Superiority. This action is properly maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Individual Class members' damages are modest relative to the expense of individual litigation, making separate actions economically unfeasible. Concentration of litigation in this Court is desirable. Management of this case as a class action presents no unusual difficulties.

## FIRST CAUSE OF ACTION
## Violation of California's False Advertising Law ("FAL")
## Cal. Bus. & Prof. Code §§ 17500 et seq.
## (On Behalf of Plaintiff and the Class)

40. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

41. California's False Advertising Law makes it unlawful for any person or company to make or disseminate any statement concerning the price of goods that is untrue or misleading, and which is known, or should be known, to be untrue or misleading. Cal. Bus. & Prof. Code § 17500.

42. Cal. Bus. & Prof. Code § 17501 specifically governs former-price and comparative-price advertising. No price may be advertised as a former price unless that price was the actual prevailing price at which the item was sold in the ordinary course of business within three months next immediately preceding publication of the advertisement. For a "Comparable Value" comparison, the

statute requires that the merchandise to which the comparison is made be of like grade and quality and have been offered for sale or sold at the comparison price in the trade area.

43. Defendant violated the FAL by advertising products with a "Comparable Value" reference price that falsely suggested the products were previously offered for sale, or sold, at that higher price, or that the "Comparable Value" price reflected the prevailing market price for the same product.

44. In truth, the "Comparable Value" price does not reflect any former or prevailing price for the specific product offered by Defendant. Instead, Defendant selects a price from what it subjectively deems to be a "comparable" product sold by an entirely different brand or retailer.

45. Defendant's use of a struck-through price labeled "Comparable Value," combined with a lower selling price, creates a false impression that consumers are receiving a significant discount, thereby inducing purchases based on misleading information.

46. Defendant knew or should have known that its reference pricing scheme was false, misleading, and deceptive.

47. Plaintiff and members of the Class viewed Defendant's false reference pricing, reasonably relied on the representations, and were injured as a result.

48. Plaintiff and the Class seek restitution, injunctive relief, and any other relief permitted under the FAL, Cal. Bus. & Prof. Code § 17535.

**SECOND CAUSE OF ACTION**
**Violation of California's Unfair Competition Law ("UCL")**
**Cal. Bus. & Prof. Code §§ 17200 et seq.**
**(On Behalf of Plaintiff and the Class)**

49. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

50. California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq., prohibits unlawful business acts or practices.

51. Defendant has engaged in unlawful, unfair, and fraudulent business acts and practices by uniformly advertising false, misleading, and deceptive "Comparable Value" reference prices for products sold on NordstromRack.com and in its retail stores.

52. Defendant's conduct is "unlawful" under the UCL because it violates the False Advertising Law (Cal. Bus. & Prof. Code §§ 17500 et seq.), the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 et seq.), and California's former-price advertising regulations, including Cal. Bus. & Prof. Code §§ 17501 and 17502.

53. Defendant's uniform misrepresentations and omissions harmed Plaintiff and the Class by causing them to believe they were receiving a bargain relative to a genuine, higher former price, leading them to make purchases they would not have made but for Defendant's deception.

54. Plaintiff and the Class members have suffered economic injury as a direct and proximate result of Defendant's unfair, unlawful, and fraudulent conduct.

55. Plaintiff seeks restitution, disgorgement, injunctive relief, and all other relief permitted by the UCL, Cal. Bus. & Prof. Code § 17203.

**THIRD CAUSE OF ACTION**
**Violation of the California Consumers Legal Remedies Act**
**Cal. Civ. Code §§ 1750 et seq.**
**(On Behalf of Plaintiff and the Class)**

56. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

57. The Consumer Legal Remedies Act of 1970, Cal. Civ. Code §§ 1750, et seq. (the "CLRA") is a California consumer protection statute which allows plaintiffs to bring private civil actions for "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction . . . which results in the sale or lease of goods or services to any consumer." Cal. Civ. Code § 1770(a). The purposes of the CLRA are "to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760.

58. Plaintiff and each member of the Class are "consumers" as defined by California Civil Code section 1761(d). Defendant's sales of products on its website and in its stores to Plaintiff and the Class were "transactions" within the meaning of California Civil Code section 1761(e). The products purchased by Plaintiff and the Class are "goods" within the meaning of California Civil Code section 1761(a).

59. Defendant violated and continues to violate the CLRA by engaging in the following practices prohibited by California Civil Code section 1770(a) in transactions with Plaintiff and the Class which were intended to result in, and did result in, the sales of Defendant's products: (1) Advertising goods or services with the intent not to sell them as advertised; and (2) Making false or misleading statements of fact concerning reasons for, the existence of, or amounts of price reductions. Cal. Civ. Code §§ 1770(a)(9) & (13).

60. With regards to section 1770(a)(9), Defendant advertised and represented its products with the "intent not to sell" them as advertised because, among other things, the false "Comparable

Value" reference prices advertised in connection with products offered on its website and in its stores misled and continues to mislead customers into believing the merchandise was previously offered for sale and/or sold at the higher reference prices for some reasonably substantial period of time, when in fact those prices represent comparisons to entirely different products from different brands.

61. With regards to section 1770(a)(13), Defendant made false or misleading statements of fact concerning the "existence of" and the "amounts of price reductions" because, among other things, no true price reductions existed—or at the very least, any price reductions were exaggerated—in that Defendant's products were not previously offered for sale and/or sold at the higher "Comparable Value" reference prices for any reasonably substantial period of time, and those reference prices were not the prevailing market prices for Defendant's products or products of like grade and quality.

62. As to this cause of action, Plaintiff seeks only injunctive relief at this time. Pursuant to Cal. Civ. Code § 1782, in conjunction with the filing of this action, Plaintiff's counsel has notified Defendant by separate letter of the particular violations of the CLRA and demanded that it correct or agree to correct the actions described in this Complaint. If Defendant fails to do so, Plaintiff shall seek leave to amend the Complaint to include compensatory and monetary damages to which Plaintiff and the Class are entitled.

63. Plaintiff and the Class are entitled to injunctive relief, restitution, actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1780.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Class, respectfully requests that this Court:

A. Certify this action as a class action pursuant to Federal Rule of Civil Procedure 23, appoint Plaintiff as class representative, and appoint Plaintiff's counsel as class counsel;

B. Declare that Defendant's Comparable Value pricing practice violates the UCL, FAL, and CLRA;

C. Enter permanent injunctive relief requiring Defendant to cease its deceptive Comparable Value pricing practice and to modify its pricing representations to comply with California law;

D. Award restitution to Plaintiff and the Class of all amounts wrongfully obtained by Defendant through its deceptive pricing practices;

E. Award actual damages to Plaintiff and the Class under the CLRA;

F. Award punitive damages under the CLRA to the extent permitted by law;

G. Award Plaintiff and the Class their reasonable attorneys' fees, litigation costs, and expenses;

H. Award pre- and post-judgment interest as permitted by law; and

I. Award such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby demands a trial by jury on all issues so triable.

By: /s/ Mark L. Javitch

Mark L. Javitch (SBN 323729)
Javitch Law Office
3 East 3rd Ave. Ste. 200
San Mateo, CA 94401
Tel: (650) 781-8000
Fax: (650) 343-0300
mark@javitchlawoffice.com

/s/ Kevin J. Cole

Kevin J. Cole (SBN 321555)

/s/ William Blair Castle

William Blair Castle (SBN 354085)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212

Tel: (310) 861-7797
kevin@kjclawgroup.com
blair@kjclawgroup.com

Attorneys for Plaintiff and the Putative Class