SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
JAY T. RAMSEY, Cal Bar No. 273160
KEVIN MURPHY, Cal Bar No. 346041
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067-6055
Telephone:     310.228.3700
Facsimile:     310.228.3701
Email:         ccardon@sheppard.com
               jramsey@sheppard.com
               kemurphy@sheppard.com

*Attorneys for Defendant*
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOANNA CHENG, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NORDSTROM, INC., <br><br> Defendant. | Case No. 3:26-cv-02431-CRB <br><br> *Hon. Charles R. Breyer* <br><br> **JOINT STIPULATION GRANTING DEFENDANT NORDSTROM, INC. LEAVE TO FILE RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** ORDER <br><br> *[Filed concurrently with [Proposed] Order and [Proposed] Response to Plaintiff's Surreply]* |

Pursuant to Local Rules 7-3(d) and 7-12, Plaintiff Joanna Cheng ("**Plaintiff**") and Defendant Nordstrom, Inc. ("**Defendant**"), through their counsel, stipulate and agree as follows:

WHEREAS, on May 14, 2026, Defendant filed its Motion to Compel Arbitration ("**Motion**") (ECF No. 14);

WHEREAS, on May 28, 2026, Plaintiff filed her Opposition to the Motion (ECF No. 15);

WHEREAS, on June 4, 2026, Defendant filed its Reply in support of the Motion (ECF No. 16);

WHEREAS, on June 12, 2026, Plaintiff filed her Objection to Evidence Submitted in support of Defendant's Reply (ECF No. 19);

WHEREAS, on June 15, 2026, Plaintiff filed her Administrative Motion for Leave to File a Surreply ("**Administrative Motion**") (ECF No. 21);

WHEREAS, on June 16, 2026, the Court granted the Administrative Motion and deemed the Surreply filed;

WHEREAS, on June 17, 2026, the parties met and conferred and agreed to stipulate to Defendant filing a response to Plaintiff's Surreply;

WHEREAS, Defendant's [Proposed] Response to Plaintiff's Surreply ("**Response**") is attached hereto as **Exhibit A**;

NOW, THEREFORE, the parties hereby request that the Court enter an order granting Defendant leave to file the Response and deem the Response, attached hereto as Exhibit A, filed as of the date of the Court's Order.

IT IS SO STIPULATED.

Case No. 3:26-cv-02431

Dated: June 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _____
/s/ Craig Cardon
P. CRAIG CARDON
JAY T. RAMSEY
KEVIN MURPHY

*Attorneys for Defendant*
NORDSTROM, INC.


Dated: June 18, 2026

JAVITCH LAW OFFICE


By    _____
/s/ Mark Javitch
MARK JAVITCH

*Attorneys for Plaintiff*
JOANNA CHENG


## SIGNATURE ATTESTATION

I hereby attest that all signatories listed above, on whose behalf this stipulation is submitted, concur in the filing's content and have authorized the filing.

Dated: June 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


By    _____
/s/ Craig Cardon
P. CRAIG CARDON

# EXHIBIT A

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
P. CRAIG CARDON, Cal Bar No. 168646
JAY T. RAMSEY, Cal Bar No. 273160
KEVIN MURPHY, Cal Bar No. 346041
1901 Avenue of the Stars, 16th Floor
Los Angeles, California 90067-6055
Telephone:     310.228.3700
Facsimile:     310.228.3701
Email:         ccardon@sheppard.com
               jramsey@sheppard.com
               kemurphy@sheppard.com

*Attorneys for Defendant*
NORDSTROM, INC.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOANNA CHENG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>Defendant. | Case No. 3:26-cv-02431-CRB<br><br>*Hon. Charles R. Breyer*<br><br>**DEFENDANT NORDSTROM, INC.'S [PROPOSED] RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>**Hearing**<br>Date:       August 28, 2026<br>Time:       10:00 a.m.<br>Location:   Video Conference (Zoom) |

I.      **THE COURT MAY CONSIDER THE DECLARATION OF THOMAS SAVAGE SUBMITTED WITH NORDSTROM'S REPLY BRIEF**

In her Surreply in Opposition to Defendant's Motion to Compel Arbitration ("Surreply") and her Objection to Evidence Submitted in Support of Defendant's Reply ("Obj."), Cheng argues that the Declaration of Thomas Savage ("Reply Decl.") submitted with Nordstrom's Reply "should be disregarded" for three reasons.  Surreply at 3; Obj. at 1-4.  All of Cheng's arguments lack merit.

*First*, Cheng argues that Nordstrom cannot submit new evidence on Reply.  Obj. at 2-3.  On a motion to compel arbitration, courts apply a "summary judgment standard."  Hansen v. LMB Mortg. Servs., Inc., 1 F.4th 667, 670 (9th Cir. 2021).  With its Motion, Nordstrom submitted evidence that Cheng agreed to arbitrate her claims each time she placed an order on the App purchase page.  Lefebvre Decl. ¶ 6; Savage Decl. ¶ 7.  In the Opposition, Cheng attempted to create a genuine dispute of material fact as to her January 20, 2026 order by submitting a screenshot of the App purchase page that she contends differs from the version Nordstrom provided in the Motion.[1] Opp. at 6-7; Cheng Decl., Ex. 1.  But Cheng's screenshot was inaccurate:  it omitted the hyperlink to the Terms located directly below the advisory language.  Reply Decl. ¶¶ 2-3.  Nordstrom's Reply corrected that inaccuracy by providing the full version of the screenshot, which included the hyperlink to the Terms.  Id.

Cheng argues that was improper.  Surreply at 3; Obj. at 2-3.  But the law supports Nordstrom. While the "general rule is that courts do not consider arguments or evidence raised for the first time on reply . . . courts permit summary judgment movants to submit new evidence to rebut arguments [or] evidence raised for the first time in the nonmoving party's opposition."  Brooks v. USAA Fed. Sav. Bank, 2019 WL 7188576, at *6 (C.D. Cal. Jan. 10, 2019).  Indeed, courts do not even consider evidence submitted with a reply to be "new" when the evidence "provides the full context" of the

---

[1] For the remaining orders, Cheng did not attempt to raise a factual dispute because she did not contest the accuracy of the App purchase page that applied to those orders.  Reply at 5-6.  Instead, she argued that, as a matter of law, Nordstrom had not met its burden because the App purchase page did not provide reasonably conspicuous notice of the Terms and a user does not manifest assent to the Terms when placing an order.  Opp. at 9-10, 12; Reply at 7-8.

plaintiff's "selected recitation of the facts." Terrell v. Contra Costa Cnty., 232 F. App'x 626, 628 n.2 (9th Cir. 2007).

This is precisely what Nordstrom did in submitting the Reply Declaration:  it provided the "full context" of the version of the App purchase page that Cheng submitted.  See Terrell, 232 F. App'x at 628 n.2.  Thus, the Court may consider the Reply Declaration.  See Wassmund v. Red Bull N. Am., Inc., 2025 WL 882214, at *2 n.3 (C.D. Cal. Feb. 3, 2025) (holding on a motion to compel arbitration that the defendant's "supplemental declaration" submitted with its reply brief was not "new" evidence because "the evidence was submitted in direct response to Plaintiff's evidence and arguments").

*Second*, Cheng argues that the Reply Declaration is entitled to no weight because it is a "reconstruction" of the App purchase page and "not a record of her transaction."  Surreply at 2; Obj. at 3.  But as explained in the Reply, providing a screenshot that is "substantially identical to what [Cheng] would have experienced" is sufficient.  Singh v. Adobe Inc., 797 F. Supp. 3d 1038, 1045-46 (N.D. Cal. 2025).  That is what Nordstrom did.  The differences between the two screenshots that she identifies—such as the estimated order total and savings—are immaterial and do not change the fact that the App purchase page is substantially identical to what she would have seen.  Cheng's argument is particularly dubious given that she did not provide a screenshot of her particular transaction.  Rather, she too provided a "reconstruction."  Obj. at 3.  She took a screenshot of the App purchase page on May 28, 2026, over four months after her January 20, 2026 purchase.  And her screenshot differs from what she alleges about her January 20, 2026 purchase—the screenshot shows an estimated order total of $20.75 and savings of $23.03 when she alleges that her January 20, 2026 order had an estimated order total of $20.87 and savings of $21.13 (Compl. ¶ 27).

*Third*, Cheng argues that the Reply Declaration should be disregarded because Savage "lacks personal knowledge" regarding what her screen displayed on May 28, 2026.  Surreply at 2; Obj. at 3-4.  Savage is a Senior Systems Analyst who has been employed by Nordstrom for over 20 years.  Reply Decl. ¶ 1.  In his role, he has "first-hand knowledge" of "customer records," and he made his declaration based on his review of Nordstrom's records and practices, including what the App purchase page looked like.  Id. ¶¶ 1-2.  He thus has personal knowledge of what the full version

of the App purchase page looked like when Cheng took her screenshot on May 28, 2026 and what it would have looked like on January 20, 2026.

In sum, the Court should not disregard the Reply Declaration.

## II.     CHENG'S REMAINING ARGUMENTS WERE PRESENTED IN THE OPPOSITION AND FAIL FOR THE REASONS STATED IN THE REPLY

In the Surreply, Cheng advances three additional arguments.  Surreply at 2-3.  She presented these same arguments in her Opposition and so they fail for the reasons explained in Nordstrom's Reply.

***First***, she argues that she did not concede that users assent to the Arbitration Agreement when signing in to their account because signing in "manifests an intent to use the account, not to enter into a new agreement to arbitrate."  Surreply at 2 (quoting Opp. at 11).  This argument fails for the reasons explained in the Reply.  Reply at 4-5.  Cheng manifested assent when clicking the "Next" or "Sign In" buttons.  Cheng also states that she "swore that she 'does not recall signing or otherwise agreeing to any arbitration agreement.'"  Surreply at 2 (quoting Cheng Decl. ¶ 6).  This is a misrepresentation of her declaration.  She declared that she does "not recall signing or otherwise agreeing to any arbitration agreement **in connection with the two in-person purchases [she] made at Nordstrom Rack retail stores**" and her "**Nordy Club membership**."  Cheng Decl. ¶ 6 (emphasis added).  She never declares the same with respect to the account sign-in process.  Id. ¶¶ 1-6.

***Second***, she argues that Nordstrom has not proven assent based on the account sign-in process because "Nordstrom has never shown that its sign-in exemplars depict the App screens Ms. Cheng saw."  Surreply at 2.  Cheng advanced this same argument in the Opposition.  Opp. at 1, 3-4, 7-8, 10.  This argument fails for the reasons explained in the Reply.  Reply at 2-3.  Nordstrom provided the sign-in notices that Cheng encountered each time she signed in to her account.

***Third***, Cheng argues that she did not assent when placing an order because she used the "Place Order" button in the top right-hand side of her screen rather than the blue "Place Order" button at the bottom of her screen.  Surreply at 3.  Cheng made this exact argument in the Opposition and it fails for the reasons explained in the Reply.  Opp. at 6, 9; Reply at 8.  A user would have seen

the notice language because their eyes would be drawn towards the "large blue 'Place Order' button." Reply at 8; Cheng Decl. ¶ 4.

## III.   CONCLUSION

For the reasons explained here and in the Motion and Reply, Nordstrom respectfully requests that the Court grant the Motion and compel arbitration of Cheng's claims.

Dated: June 18, 2026

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP


_/s/ P. Craig Cardon_
P. CRAIG CARDON
JAY T. RAMSEY
KEVIN MURPHY

_Attorneys for Defendant_
NORDSTROM, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JOANNA CHENG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NORDSTROM, INC.,<br><br>Defendant. | Case No. 3:26-cv-02431-CRB<br><br>*Hon. Charles R. Breyer*<br><br>**[PROPOSED] ORDER GRANTING DEFENDANT NORDSTROM, INC. LEAVE TO FILE RESPONSE TO PLAINTIFF'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL ARBITRATION** |

**[~~PROPOSED~~] ORDER**

Having reviewed the Joint Stipulation Granting Defendant Nordstrom, Inc. Leave to File Response to Plaintiff's Surreply in Opposition to Defendant's Motion to Compel Arbitration ("**Joint Stipulation**") and finding good cause, the Court hereby GRANTS the Joint Stipulation and ORDERS that Defendant Nordstrom Inc.'s Response to Plaintiff's Surreply in Opposition to Defendant's Motion to Compel Arbitration, attached as Exhibit A to the Joint Stipulation, is deemed filed as of the date of this order.

IT IS SO ORDERED.

DATED: _____June 22_____, 2026

_____
Hon. Charles R. Breyer
UNITED STATES DISTRICT COURT JUDGE

SMRH:4932-1804-5878.1       [~~PROPOSED~~] ORDER GRANTING DEFENDANT LEAVE TO FILE RESPONSE TO SURREPLY